UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
FLORIDA MIAMI DIVISION

GOVERNMENT EMPLOYEES INS. CO.; et al     Case No.: 20-CV-22044-JEM

Plaintiffs,

v.

MANUEL V. FEIJOO, MANUEL V. FEIJOO, M.D.,
P.A., WE CARE MEDICAL SERVICES, INC,
MANUEL MARTINEZ VARELA, TONY NGUYEN,
D.O.; NEW LIFE CLINICAL SERVICES, INC,
ALEAN MACHADO,
JOSE ESTEVEZ, YOANDRA RODRIGUEZ,
ACCIDENT REHAB ASSC. INC, d/b/a AMERICAN
MEDICAL & REHAB CENTER, ALEJANDRO
VAZQUEZ, MARIA VAZQUEZ, ERICK SALADO,
M.D., MIAMI MEDICAL GROUP, INC, JUAN
JIMENEZ, GRACIELA JIMENEZ, JOSE MARQUEZ,
M.D., MARIA NODARSE, D.C., YARA VAZQUEZ and
HAI UZAN

Defendants.
_____/

## DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants, WE CARE MEDICAL SERVICES, INC, and MANUEL MARTINEZ VARELA, by and through its undersigned counsel (Defendants), submit this Reply to *Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss*, [DE 26], and state:

**I. Plaintiffs Have No Standing to Bring These Claims In the Case at Bar**

Despite Plaintiff's arguments in its Response, the issue in this action remains the same: whether GEICO should be permitted to create a private right of action by alleging violations of a number of regulatory statutes without civil enforcement provisions together, to create common law causes of actions, thereby asking this Court to judicially create a private right of

action, where the legislature did not intend to create one.

Contrary to Plaintiff's arguments, none of GEICOs claims can survive without this Court making a determination that there were statutory violations. GEICO in its Response, states that Defendants are incorrect in their assertion that it lacks standing to bring this suit because there is no private right of action. However the cases it cites appear to be distinguishable under the pertinent fact pattern, and that the Florida Supreme Court cases of *Murthy v. N. Sinha Corp.*, 644 So. 2d 983 (Fla. 1994) and *QBE Ins. Corp. v. Chalfonte Condo. Apt. Assn.*, 94 So. 3d 541 (Fla. 2012), which were not cited to those courts, are still applicable.

In addition, the District Court cases cited, are factually distinguishable from the case at bar. Most of the cases dealt with a factual pattern in which the illegality of the defendants activities was evident on the face of the complaint. Contrary to this type of facially fraudulent illegality, which made any alleged statutory violations incidental, and which the court's accepted as the basis for finding standing in those cases to bring its claims, in the case at bar, the substantive factual allegations in the Complaint are so sparse, that all that GEICO can do to attempt to establish its standing to bring its claims, is to allege supposed violations of the statutes. As such, the private enforcement of these statutes becomes the sole basis of its legal standing to bring the claims in GEICO's Complaint, once again, in contravention of the Supreme Court cases cited.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "But where the well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Id. at 679.

As such, in the case at bar, unlike the cases cited, GEICO has not shown any conduct by the defendant's independent of the alleged statutory violations, which would give it the standing to pursue its claims for damages. Thus, the statutory violations claims, as pled in the case at bar, become in effect, a private cause of action under that statute, contrary to the Florida Supreme Court cases cited above.

Accordingly, it is respectfully submitted, that in this particular case, GEICO has not shown the necessary standing to bring these actions, as alleged.

## II. Plaintiffs' Fail to Allege It's Fraud Claims with the Requisite Particularity under Rule 9(b)

Despite Plaintiffs' arguments in its Response to the contrary, Plaintiff's claims for fraud should be dismissed because they fail to comply with the heightened pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure. A plaintiff "must provide particular facts so the Court is not left wondering whether a plaintiff has offered mere conjecture or a specifically pleaded allegation on an essential element of the lawsuit." *Id.* (quoting *Mitchell v. Beverly Enters.*, 248 F. App'x 73, 75 (11th Cir. 2007)). Failure to meet Rule 9(b)'s standards results in dismissal of the complaint. *Id.*

GEICO, once again, throughout its voluminous Complaint, generalizes the alleged fraudulent conduct without specifying particular incidents sufficient to meet its pleading burden. The particularity requirement applies not only to Plaintiffs' common law fraud, but also to its claims for violations of FDUTPA. *See Meitis v. Park Square Enters.*, No. 608CV1080-ORL22GJK, 2009 WL 703273, at *2 (M.D. Fla. Jan. 21, 2009)(determining that rule 9(b)'s

requirements apply to claims under the Florida Deceptive and Unfair Trade Practices Act reasoning "[m]ost courts construing claims alleging violations of the Federal Deceptive Trade Practices Act or its state counterparts have required the heightened pleading standard requirements of Rule 9(b).") (citing cases). In sum, Plaintiff must plead the violations of each of the predicate statutes and the violations of FDUTPA and the fraud claim with particularity as to each defendant.

WHEREFORE, for the reasons fully set forth above, Defendants respectfully requests that this Honorable Court enter an Order dismissing Plaintiff's Complaint and granting any other such relief this Court deems just and proper.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of August 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /S/Carlos Cruanes
Carlos Cruanes
FBN: 0121940
LAW OFFICES OF CARLOS CRUANES, P.A.
815 N.W. 57th Avenue, Suite 401
Miami, Florida 33126
Telephone: (786) 378-8189
Facsimile: (305) 631-1816
E-Mail: ccruanes@cruaneslaw.com