IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
APPELLATE DIVISION

| | |
|---|---|
| STAR CASUALTY INSURANCE COMPANY,<br>Appellant,<br><br>v.<br><br>SOUTH FLORIDA PAIN AND REHABILITATION OF HIALEAH, LLC, a/a/o Justin Rodriguez,<br>Appellee. | APPEAL NO.: CACE17-000545 (AP)<br>CASE NO.: COCE14-012851<br><br>Consolidated Cases:<br>CACE17-000546 (AP)<br>CACE17-000550 (AP)<br>CACE17-000552 (AP)<br>CACE17-011644 (AP) |

Dated: September 24, 2020.

Appeal from the County Court of the Seventeenth Judicial Circuit, Broward County, Nina W. DiPietro and Kathleen McCarthy, Judges.

Nancy W. Gregoire, Esq. of Birnbaum, Lippman & Gregoire, PLLC, Fort Lauderdale, FL, for Appellant.

Joseph R. Dawson, Esq., of Law Offices of Joseph R. Dawson, P.A., Fort Lauderdale, FL, for Appellee.

## OPINION

Appellant, Star Casualty Insurance Company ("Insurer") appeals the County Court's October 26, 2016 final judgments in favor of the Appellee, South Florida Pain and Rehabilitation of Hialeah, LLC ("Provider"), and the County Court's May 16, 2017 final judgment awarding attorney's fees and costs to Provider as the prevailing party. Having carefully reviewed the briefs, the record, and the applicable law, this Court dispenses with oral argument, and finds that the October 26, 2016

Star Cas. Ins. v. So. Fla. Pain & Rehab. (Rodriguez)             CACE17-000545 (AP)

and May 16, 2017 final judgments are hereby **AFFIRMED** for the reasons set forth below.

The consolidated cases stem from four final judgments entered on October 26, 2016 in connection with claims for PIP benefits submitted by Provider to Insurer. On receipt of Provider's bills, the Insurer denied reimbursement pursuant to section 627.736(1)(a)5., Florida Statutes, on the basis that Provider's licensed massage therapists ("LMTs") administered certain treatments, including hot packs (CPT 97010), electrical muscle stimulation (G0283), ultrasound therapy (CPT 97035), manual therapy (CPT 97140), neuromuscular reeducation (CPT 97112), and therapeutic activities (CPT 97530) (the "Modalities").

Thereafter, Provider filed suit to recover PIP benefits resulting from Insurer's non-payment of the Modalities. The Insurer then filed its answer and affirmative defenses. As its first affirmative defense, Insurer alleged that "Plaintiff [Provider] is not entitled to recovery in this action pursuant to Fla. Stat. section 627.736(1)(a)5."

> Section 627.736(1)(a)5. of the PIP statute states, as follows:
>
> Medical benefits do not include massage as defined in s. 480.033 or acupuncture as defined in s. 457.102, regardless of the person, entity, or licensee providing massage or acupuncture, and **a licensed massage therapist or licensed acupuncturist may not be reimbursed for medical benefits under this section.**

Star Cas. Ins. v. So. Fla. Pain & Rehab. (Rodriguez)          CACE17-000545 (AP)

§ 627.736(1)(a)5., Fla. Stat. (emphasis added); see McCarty v. Myers, 125 So. 2d 333, 336 (Fla. 1st DCA 2013) (noting that the PIP statute specifically excludes licensed massage therapists and licensed acupuncturists from being reimbursed for medical benefits); see Southern Owners Ins. Co. v. Hendrickson, 2020 WL 2502109 *1 (Fla. 5th DCA 2020) ("The plain text of section 627.736(1)(a)5. precludes a licensed massage therapist from being reimbursed for medical benefits.").

Provider then moved for summary judgment on Insurer's first affirmative defense, arguing that Insurer's interpretation of section 627.736(1)(a)5., Florida Statutes, was erroneous. The Insurer filed its response in opposition, arguing that as a matter of law, section 627.736(1)(a)5., Florida Statutes, forecloses recovery of benefits for massage services. On October 26, 2016, the County Court entered summary final judgments in favor of Provider finding that Provider was entitled to reimbursement for the Modalities administered by its LMTs to the Insureds. On May 16, 2017, the County Court entered final judgment awarding attorney's fees and costs to Provider as the prevailing party. This appeal follows.

The standard of review governing a trial court's ruling on a motion for summary judgment is *de novo*. Moustafa v. Omega Ins. Co., 201 So. 3d 710, 714 (Fla. 4th DCA 2016). On *de novo* review of an order granting summary judgment, this Court is required to view the evidence, including any supporting affidavits, in the light most favorable to the non-moving party. See Daneri v. BCRE Brickell,

Star Cas. Ins. v. So. Fla. Pain & Rehab. (Rodriguez)     CACE17-000545 (AP)

LLC, 79 So. 3d 91, 94 (Fla. 3d DCA 2012). The issue before the Court is whether the County Court erred in its interpretation of section 627.736(1)(a)5., Florida Statutes, as a mechanism to allow Provider to collect PIP benefits for the Modalities rendered by the LMTs.

The Provider's motion for summary judgment was supported by the affidavits of Craig Dempsey, Michael White, D.C., and Garret Weinstein, D.C. Craig Dempsey's, Chief Compliance Officer for the Provider, affidavit stated:

> Fla. Stat. 627.736(1)(a)5. (2013) does not preclude a medical facility which provides chiropractic services and physiotherapy modalities from submitting bills for therapy provided to patients under the care and guidance of license massage therapists ("LMT"). LMT's have a higher degree of education and training than chiropractic assistants ("CA"), and CA's also oversee therapy provided to patients and charges for those therapy sessions are fully compensable.

Michael White, D.C., the chiropractor overseeing the implementation of the physiotherapy Modalities stated that "[N]one of the LMT employees submitted any billing to the Defendant [Insurer] for them to be directly compensated." In his affidavit Garret Weinstein, D.C., described the physiotherapy Modalities administered to the Insured were more than simple "massage."

The Insurer offered no summary judgment evidence to rebut any of the factual representations asserted by the Provider by way of affidavits, and no controverting affidavit, interrogatory, deposition transcript was offered by the Insurer to support its opposition to the motion.

Star Cas. Ins. v. So. Fla. Pain & Rehab. (Rodriguez)          CACE17-000545 (AP)

Here, the LMTs were employed by the Provider. There is no evidence before the Court that any LMT is seeking to be reimbursed for medical benefits. The services at issue were ordered by the treating chiropractor and performed under the chiropractor's control and supervision. The employees who provided the treatments held message therapist licenses, however there is no indication that having a license as a massage therapist was a requirement to perform the services. Further, there is no dispute that if the LMTs were different employees, such as chiropractic assistants, their services would be reimbursable.

Accordingly, the October 26, 2016 final judgments are hereby **AFFIRMED** and the May 16, 2017 final judgment awarding attorney's fees and costs to the Provider is also **AFFIRMED**. Further, the Provider's Motion for Attorney's Fees is hereby **AFFIRMED** in an amount to be determined by the County Court.

BOWMAN, TOWBIN SINGER, and RODRIGUEZ, JJ., concur.

                 \*           \*           \*

*Not final until disposition of timely filed motion for rehearing.*

cc:     The Honorable Kathleen McCarthy
        Nancy W. Gregoire, Esq.
        Joseph R. Dawson, Esq.