UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GOVERNMENT EMPLOYEES INS. CO.; et al        Case No.: 20-CV-22044-JEM

    Plaintiffs,

v.

MANUEL V. FEIJOO, MANUEL V. FEIJOO, M.D.,
P.A., WE CARE MEDICAL SERVICES, INC, MANUEL
MARTINEZ VARELA, TONY NGUYEN, D.O.; NEW
LIFE CLINICAL SERVICES, INC, ALEAN MACHADO,
JOSE ESTEVEZ, YOANDRA RODRIGUEZ, ACCIDENT
REHAB ASSC. INC, d/b/a AMERICAN MEDICAL &
REHAB CENTER, ALEJANDRO VAZQUEZ, MARIA
VAZQUEZ, ERICK SALADO, M.D., MIAMI MEDICAL
GROUP, INC., JUAN JIMENEZ, GRACIELA JIMENEZ,
JOSE MARQUEZ, M.D., MARIA NODARSE, D.C.,
YARA VAZQUEZ and HAI UZAN

    Defendants.
_____/

## DEFENDANT FEIJOO's
## MOTION TO DISMISS COUNT 1 OF THE AMENDED COMPLAINT

Defendants, MANUEL V. FEIJOO, and MANUEL V. FEIJOO, M.D., P.A., (collectively "Feijoo") move to dismiss Count 1 of Plaintiffs' Amended Complaint, for Declaratory Relief, ¶64-69, per the Court's Order of March 19, 2021, ECF Doc No. 109), and in support thereof state:

Geico's Count 1 of the Amended Complaint fails to comply with the Court's concerns stated in the Court's Order of March 19, 2021, ECF Doc No. 109. The Court noted that:

> In Count I of the Complaint, GEICO seeks declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02. Specifically, GEICO seeks a judgment declaring that "Feijoo, P.A., We Care, New Life, Accident Rehab, and Miami Medical have no right to receive payment for *any pending bills* submitted to GEICO." Compl. ¶ 888 (emphasis added). According to GEICO, there remains more than $75,000.00 in pending fraudulent claims submitted. *Id*. ¶ 886. The Supreme Court has noted that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdiction prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995). Courts in this Circuit have differed as to whether allegations of this kind create a justiciable controversy under Article III of the United States Constitution. *Compare Gov't Emps Ins. Co. v. Alternative Med. Ctr. of Fla., Inc.*, No. 16-24035-CIV, 2017 WL 9360860, at *3 (S.D. Fla. June 30, 2017) (finding that there is a "substantial controversy" as to "whether GEICO is required to

pay the allegedly fraudulent bills submitted by [defendants]") *with KJ Chiropractic Ctr. LLC*, 2013 WL 12155947, at *7–8 (finding that the majority of the declaratory relief sought by GEICO was "addressed to injuries alleged to have occurred in the past," and therefore insufficient to assert a justiciable controversy under the Declaratory Judgment Act).

For purposes of this case, the Court takes issue with a few things. First, "Plaintiffs seeks several declarations regarding a variety of contested legal and factual issues against differing Defendants, all in one count." *KJ Chiropractic Ctr. LLC*, 2013 WL 12155947, at *7. What's more, GEICO seeks blanket relief as to *any* of the pending claims from all Defendants, without parsing which amount is attributed to each or how each pending claim is alleged to be fraudulent. This violates the pleading standards set forth in Federal Rules of Civil Procedure 8 and 10. *See* Fed. R. Civ. P. 10 (each claim to be stated in a separate count); *see also KJ Chiropractic Ctr. LLC*, 2013 WL 12155947, at *7. As such, Count I is dismissed without prejudice.

Here, Geico has failed this Court's guidance, and has merely repeated its boilerplate claims against each Clinic, but now in five separate counts.  Plaintiffs still seeks blanket relief as to *any* of the pending claims  without specifying how each pending claim is alleged to be fraudulent. Indeed, Geico merely alleges:

> 66. Feijoo P.A has no right to receive payment for any pending bills submitted to GEICO because: (i) Feijoo P.A. was unlawfully operated in violation of the Clinic Act, Patient Brokering Act, and Self-Referral Act; (ii) the underlying Fraudulent Services were not lawfully provided or billed to GEICO; (iii) the underlying Fraudulent Services were not medically necessary and were provided – to the extent that they were provided at all – pursuant to pre-determined fraudulent protocols designed solely to financially enrich Feijoo and Feijoo P.A., rather than to treat or otherwise benefit the Insureds who purportedly were subjected to them; (iv) in many cases, the Fraudulent Services never were provided in the first instance; and (v) the billing codes used for the underlying Fraudulent Services misrepresented and exaggerated the level of services that purportedly were provided in order to inflate the charges submitted to GEICO.
>
> 67. Accordingly, GEICO requests a judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, declaring that Feijoo P.A. has no right to receive payment for any pending bills submitted to GEICO.

As this Court has already stated, this violates the pleading standards set forth in Federal Rules of Civil Procedure 8 and 10.

Moreover, there is no need for declaratory relief.  If the claims are found by the jury to be fraudulent, Geico does not need the Court to declare that they do not have to be paid.  And if they are not, and Geico has other grounds to challenge a claim, such as a $100 difference between a level 3 and a level four intial or follow-up evaluation 99203 vs a 99204 code, they can do though the PIP

system, as spelled out in Miami Medical's Motion to Dismiss (as to Count 30) and Feijoo adopts and incorporates herein their motion and memorandum of law. The claim for declaratory relief, if permitted to proceed, would effectively act as injunctive relief enjoining all state court proceedings which are presently pending or which may be filed by Miami Medical for GEICO's denials of PIP payments without any actual consideration. The federal Anti-Injunction Act, however, precludes such an action. *See* 28 U.S.C. §2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). The Court should dismiss GEICO's claim for declaratory relief under the *Burford* abstention doctrine. Federal courts "must" abstain under *Burford* "(1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; *or* (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Boyes v. Shell Oil Prods. Co.*, 199 F.3d 1260, 1265 (11th Cir. 2000)(quoting *New Orleans Pub. Serv. v. Council of the City of New Orleans*, 491 U.S. 350, 361 (1989)). *Burford* abstention aims to "protect complex state administrative processes from undue federal interference." *Id.*

Here, Florida's PIP statute provides a mechanism for State Farm to challenge any bills that it has not yet paid. Furthermore, if the party's concern is the threat of future injury, "[t]here must be a substantial likelihood that the plaintiff will suffer [such] future injury: a 'perhaps' or 'maybe' chance is not enough." *Malowney v. Fed. Collection Dep. Group,* 193 F.3d 1342, 1347 (11th Cir. 1999). "The remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments." *Malowney,* 193 F.3d at 1347. Indeed, even a "well-founded" concern is insufficient to create a justiciable controversy if it is based on speculation. *Atlanta Gas Light, supra,* 68 F.3d at 415.

In *GAF Bldg. Materials Corp. v. Robert Bosch Tools Corp*., 90 F.3d 479, 481 (Fed. Cir. 1996), the Federal Circuit affirmed the dismissal of a dec action in a patent case, noting that "the dispute was purely hypothetical and called for an impermissible advisory opinion." *See also*, *Black & Decker, Inc. v. Robert Bosch Tool Corp*., 371 F. Supp. 2d 965, 970 (N.D. Ill. 2005) (dismissing a counterclaim seeking declaratory judgment that a pending patent application was unenforceable due to inequitable conduct); *Axis Surplus Ins. Co. v. Contravest Constr. Co*, 921 F.Supp.2d 1338 (M.D. Fla. 2012)(dismissing dec action as premature when coverage had not yet been denied).

In this Court's Opinion in *State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1331-32 (S.D. Fla. 2017), the Court dismissed State Farm's declaratory judgment action. There, the Court stated:

> However, unlike the statutes undergirding the *Silver Star* plaintiff's unjust enrichment claim, none of the statutes in question here provide that "[a]ll charges or reimbursement claims made" in violation of these statutes, are "unlawful" or "noncompensable" or "unenforceable," *Silver Star,* 739 F.3d at 583. Plaintiff does not cite any authority standing for the proposition that any services provided by a party violating one of the statutes in question are not owed or otherwise not enforceable

Id.   The same rationale should apply herein, and therefore this action should be dismissed.

Geico is simply creating extra and unnecessary work for the Court and the parties and Geico's First Cause of Action, should be dismissed with prejudice.

WHEREFORE, Defendants, Dr. Feijoo and his P.A., move to dismiss Count 1.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 21, 2021, e foregoing document with the Clerk of Court using the CM/ECF system and that a copy was electronically served upon all persons on the below service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing

**THE PIVNIK LAW FIRM**
7700 N. Kendal Drive, Suite 703
Miami, FL 33156
Tel: 305-670-0095
Email: Pivniklaw@aol.com
          Jpivnik@Pivniklaw.com

By: ***/s/ Jerome A. Pivnik***
Jerome A. Pivnik, Esq.
Fla. Bar No.: 400408

## SERVICE LIST - Case No.: 20-CV-22044-JEM

### For Geico Plaintiffs:

John P. Marino (FBN 814539)
Lindsey R. Trowell (FBN 678783)
Kristen Wenger (FBN 92136)
SMITH, GAMBRELL & RUSSELL, LLP
50 North Laura Street, Suite 2600
Jacksonville, Florida 32202
Phone: (904) 598-6100
Facsimile: (904) 598-6204
ltrowell@sgrlaw.com
jmarino@sgrlaw.com
kwenger@sgrlaw.com

Yonatan Bernstein
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11550
Phone: (516) 357-3000
Facsimile: (516) 357-3333
max.gershenoff@rivkin.com
yonatan.bernstein@rivkin.com

### For Defendants:

**MIAMI MEDICAL GROUP, INC.**, JUAN JIMENEZ, GRACIELA JIMENEZ, JOSE MARQUEZ, M.D., MARIA NODARSE, D.C., YARA VAZQUEZ AND HAI UZAN

Kenneth Schurr, Esq.
2030 S. Douglas Rd.
Coral Gables, FLA 33134
305-441-9031
CounselKen@schurrlaw.com
kbsservice@schurrlaw.com

Andrew P. Baratta, Esq.
Baratta, Russell & Baratta
3500 Reading Way
Huntingdon Valley, Pa. 19006

215-914-2222
215-914-2118 (facsimile)
andrew@barattarussell.com

**For Defendants:**

**ACCIDENT REHAB ASSOCIATES INC**, d/b/a AMERICAN MEDICAL & REHAB CENTER, ALEJANDRO VASQUEZ, MARIA VASQUEZ, and ERICK SALADO, MD.,

Ronald E. D'Anna
Florida Bar No.: 357405
D'ANNA LEGAL, PLLC
2000 Glades Road, Suite 300
Boca Raton, Florida 33431
Telephone: (561) 962-6563, (561) 866-6122
rdanna@dannalegal.com;
 lheron@dannalegal.com

**For Defendants:**

**WE CARE MEDICAL SERVICES**, **INC**, and MANUEL MARTINEZ VARELA

Law Offices of Carlos Cruanes, P.A.
815 N.W. 57th Avenue, Suite 401
Miami, Florida 33126
Telephone: (786) 378-8189
Facsimile: (305) 631-1816

**For Defendants:**

**NEW LIFE CLINICAL SERVICES, INC**., ALEAN MACHADO, JOSE ESTEVEZ, YOANDRA RODRIGUEZ

Alexander Alvarez, Esq.
The Alvarez Law Firm
3251 Ponce de Leon Blvd, Coral Gables, FL 33134
Alex@AAlvarezlawfirm.com
Anamaire@AAlvarezlawfirm.com