UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-22044-CIV-MARTINEZ-OTAZO-REYES

GOVERNMENT EMPLOYEES INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY and GEICO CASUALTY CO.,

      Plaintiffs,

vs.

MANUEL FEIJOO, M.D., MANUEL V. FEIJOO, M.D. P.A., WE CARE MEDICAL SERVICES, INC, MANUEL MARTINEZ VARELA, ROSA MARIA JUNQUERA, NEW LIFE CLINICAL SERVICES, INC, ALEAN MACHADO, JOSE ESTEVEZ, YOANDRA RODRIGUEZ, ACCIDENT REHAB ASSOCIATES INC, d/b/a AMERICAN MEDICAL & REHAB CENTER, ALEJANDRO VAZQUEZ, MARIA VAZQUEZ, ERICK SALADO, M.D., MIAMI MEDICAL GROUP, INC, JUAN JIMENEZ, GRACIELA JIMENEZ, JOSE MARQUEZ, M.D., MARIA NODARSE, D.C., YARA VAZQUEZ, and HAI UZAN,

      Defendants.
_____/

**PLAINTIFFS' MOTION AND SUPPORTING**
**MEMORANDUM FOR DISCOVERY SANCTIONS**

Plaintiffs, Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "GEICO" or "Plaintiffs"), pursuant to Rule 37 of the Federal Rules of Civil Procedure, move for an Order striking the Answer of Defendants Accident Rehab Associates, Inc, d/b/a American Medical & Rehab Center, Alejandro Vazquez, Maria Vazquez, and Erick Salado M.D. (collectively the "Accident Rehab Defendants")

(Docket No. 118), and entering Default against the Accident Rehab Defendants, due to their willful failure to comply with the Court's December 7, 2020 and February 17, 2021 orders (the "Court Orders") requiring the Accident Rehab Defendants to respond to GEICO's First Set of Interrogatories and First Set of Document Requests (GEICO's "Discovery Requests"). See Docket Nos. 93 and 105. In the alternative, Plaintiffs respectfully request that the Court grant such relief as seems just and proper.

The grounds and authority for this motion are set forth in the following memorandum. The memorandum is incorporated as part of this motion.

## MEMORANDUM

GEICO respectfully submits the following memorandum in support of its Motion for Discovery Sanctions.

## BACKGROUND

GEICO commenced this action on May 15, 2020 against the Accident Rehab Defendants, Manuel Feijoo, M.D., ("Feijoo") Manuel V. Feijoo, M.D. P.A., ("Feijoo P.A."), We Care Medical Services, Inc ("We Care"), Manuel Martinez Varela ("Martinez"), Tony Nguyen, D.O., ("Nguyen"), New Life Clinical Services, Inc ("New Life"), Alean Machado ("Machado"), Jose Estevez ("Estevez"), Yoandra Rodriguez ("Rodriguez"), Miami Medical Group, Inc ("Miami Medical"), Juan Jimenez ("J. Jimenez"), Graciela Jimenez ("G. Jimenez"), Jose Marquez, M.D. (Marquez"), Maria Nodarse, D.C ("Nodarse") , Yara Vazquez ("Y. Vazquez"), and Hai Uzan ("Uzan"). See Docket No. 1.

GEICO filed an Amended Complaint against the Defendants on April 9, 2021. See Docket No. 111. Within GEICO's Amended Complaint, the Twenty-Third[1], Twenty-Fourth, Twenty-Fifth, Twenty-Sixth, Twenty-Seventh, Twenty-Eighth, Twenty-Ninth, and Thirtieth causes of action are asserted against the Accident Rehab Defendants, and seek damages in excess of $600,000.00, plus treble damages, punitive damages, reasonable attorney's fees, and court costs. See Id.

The Accident Rehab Defendants filed their Answer to the Amended Complaint on April 27, 2021 See Docket No. 118.[2]

On October 27, 2020 GEICO served its Discovery Requests upon the Accident Rehab Defendants by electronic mail and United States mail.

Pursuant to Federal Rules of Civil Procedure 33 and 34, the Accident Rehab Defendants' responses to GEICO's Discovery Requests were due to be served on or before November 27, 2020. However, despite GEICO serving its Discovery Requests more than six months ago, to date, the Accident Rehab Defendants have failed to serve any responses to GEICO's Discovery Requests.

For the past five months – and in conjunction with the two Court Orders directing the Accident Rehab Defendants' to respond to GEICO's Discovery Requests – GEICO has made repeated good faith attempts to secure the Accident Rehab Defendants' responses to GEICO's Discovery Requests without resort to further judicial intervention, including a number of agreed-

---

[1] GEICO's Twenty-Third Cause of action seeks a declaratory judgment against the Accident Rehab Defendants.

[2] The Accident Rehab Defendants also filed an answer to GEICO's original Complaint on August 31, 2020. See Docket No. 55. To the extent that original answer is not mooted by the Amended Complaint and the Accident Rehab Defendants' answer to the Amended Complaint, GEICO also seeks to strike the Accident Rehab Defendants' original answer for the same reasons set forth herein.

upon extensions. Even so, the Accident Rehab Defendants have failed to respond to any of GEICO's Discovery Requests.

First, on December 7, 2020, a proceeding was held before Magistrate Judge Otazo-Reyes regarding, among other things, various of the Defendants' motions to stay discovery. Judge Otazo-Reyes denied all these motions, and also ordered that all Defendants – including the Accident Rehab Defendants – respond to GEICO's Discovery Requests within 30 days (the "First Order"). See Docket No. 93.

The Accident Rehab Defendants failed to provide any responses – let alone full and complete responses – to GEICO's Discovery Requests by January 6, 2021, the last day of the 30 day period set forth in Magistrate Judge Otazo-Reyes's First Order. Thereafter, GEICO made several additional, good faith attempts to secure the Accident Rehab Defendants' responses to GEICO's Discovery Requests without resort to judicial intervention.

For example, on January 7, 2021 and January 8, 2021 GEICO's counsel corresponded with the Accident Rehab Defendants' counsel ("Ron D'Anna") via electronic mail and requested that the Accident Rehab Defendants respond to GEICO's Discovery Requests. On January 8th, 2021, Mr. D'Anna responded and requested an additional seven days to respond to GEICO's Discovery Requests – until January 15, 2021. GEICO's counsel consented to this request.[3]

On January 15, 2021, GEICO's counsel and the Accident Rehab Defendants' counsel spoke via phone, during which the Accident Rehab Defendants' counsel requested an additional

---

[3] Mr. D'Anna also contended– incorrectly – that GEICO did not properly serve discovery because it mailed the First Set of Discovery Requests to Mr. D'Anna's old address – the address that Mr. D'Anna erroneously listed on the Docket. GEICO advised Mr. D'Anna that his contention that he was not properly served with discovery was incorrect, because in addition to mailing its First Set of Discovery Requests, GEICO also served its Discovery Requests to Mr. D'Anna – a registered electronic filer – via e-mail to his registered e-mail address in accordance with Local Rule 5.1(e).

five days to respond to GEICO's Discovery Requests – until January 20, 2021 – and also requested an additional copy of GEICO's Discovery Requests to be sent to him via e-mail. GEICO once again consented to this additional five day extension and also e-mailed the Accident Rehab Defendants' counsel an additional copy of its Discovery Requests at the Accident Rehab Defendants' counsel's request.

The Accident Rehab Defendants failed to respond to any of GEICO's Discovery Requests on January 20 as they indicated they would do. Thereafter, on numerous occasions within the subsequent few weeks, including on January 21, 2021, February 1, 2021, February 5, 2021, and February 8, 2021, GEICO's counsel e-mailed and called the Accident Rehab Defendants' counsel in an attempt to obtain a response to GEICO's Discovery Requests. The Accident Rehab Defendants' counsel did not respond in any manner to GEICO's counsel e-mails or phone calls.

On February 8, 2021, GEICO's counsel e-mailed the Accident Rehab Defendants' counsel a copy of a Notice of Hearing – pursuant to Judge Otazo-Reyes's discovery procedures – it intended to file with the Court in light of the fact the Accident Rehab Defendants still had not responded to GEICO's First Set of Discovery Requests. In this Notice of Hearing, GEICO requested that it be heard to bring up the discovery-related issues it was having with the Accident Rehab Defendants at an already scheduled February 17th hearing where Judge Otazo-Reyes was scheduled to hear arguments on a different matter. The Accident Rehab Defendants' counsel did not respond to this e-mail, so on February 9, 2021, GEICO filed the Notice of Hearing with the Court. See Docket No. 100.

Finally, on February 16, 2021, Mr. D'Anna called GEICO's counsel and advised GEICO's counsel that he was sick in late January. That same day Mr. D'Anna also filed a document with the Court, admitting to the Court that the Accident Rehab Defendants had failed to timely respond

5

to GEICO's Discovery Requests. See Docket No. 103, p.2. However, Mr. D'Anna also represented to the Court that beginning on January 20, 2021, he became sick and that his symptoms lasted three weeks, and therefore requested an additional 14 day extension to respond to GEICO's Discovery Requests.[4] Id. at p.3.

The next day, on February 17, 2021, a second proceeding was held before Magistrate Judge Otazo-Reyes. At this proceeding, Judge Otazo-Reyes once again directed the Accident Rehab Defendants to fully respond and produce responsive documents to GEICO's Discovery Requests within 14 days (the "Second Order"). See Docket No. 105.

The Accident Rehab Defendants failed to provide any responses – let alone full and complete responses – to GEICO's First Set Discovery Requests by March 3, 2021, the last day of the 14 day period set forth in Magistrate Judge Otazo-Reyes's Second Order.

Thereafter, on numerous occasions, including on March 5, 2021, March 8, 2021, March 9, 2021, and March 11, 2021, GEICO's counsel e-mailed and called the Accident Rehab Defendants' counsel to procure responses to GEICO's Discovery Requests. The Accident Rehab Defendants' counsel did not respond to any of GEICO's counsel e-mails nor did the Accident Rehab Defendants' counsel return any of GEICO's counsel's phone calls.

Finally, on March 15, 2021, the Accident Rehab Defendants' counsel e-mailed GEICO's counsel and requested to speak via phone to discuss the Accident Rehab Defendants' failure to respond to GEICO's Discovery Requests. On March 18, 2021, GEICO's counsel and the Accident Rehab Defendants' counsel spoke via phone, whereupon the Accident Rehab Defendants' counsel

---

[4] It is unclear – and Mr. D'Anna never provided any reason – why Accident Rehab failed to respond to any of GEICO's First Set of Discovery Requests in the two months prior to January 20th, before Mr. D'Anna became sick, but when Accident Rehab was still due to respond to GEICO's First Set of Discovery Requests.

requested an additional ten days to respond to GEICO's Discovery Requests. GEICO – hoping to avoid having to file further discovery motions with the Court and also in an attempt to work with the Accident Rehab Defendants – consented to this request.

Thereafter, on April 12th, after still not receiving any discovery responses from the Accident Rehab Defendants, GEICO's counsel followed up with the Accident Rehab Defendants' counsel, requested that the Accident Rehab Defendants produce their outstanding discovery by the end of the day, and advised the Accident Rehab Defendants' counsel that GEICO would no longer consent to any more requests for extensions. Even so, the Accident Rehab Defendants did not produce the outstanding discovery by April 12th, or otherwise respond to this correspondence.[5]

At bottom, and to date, the Accident Rehab Defendants have failed to respond to GEICO's Discovery Requests at all, and have also failed to abide by Magistrate Judge Otazo-Reyes' December 7, 2020 and February 7, 2021 Orders directing them to fully and completely respond to GEICO's Discovery Requests

## ARGUMENT

**A.    The Standard on a Motion for Sanctions Under Rule 37**

Pursuant to Fed. R. Civ. P. 37(b)(2)(A), "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following: . . . (iii) striking pleadings in whole or in part; . . . (vi) rendering a default judgment against the disobedient party". Rule 37(b) "gives district judges broad discretion

---

[5] GEICO did not immediately move to strike the Accident Rehab Defendants' answer at that time, since the Accident Rehab Defendants had yet to file an answer to GEICO's amended complaint, and had only filed an answer to GEICO's original complaint, which had been rendered moot in light of the amended complaint being filed.

to fashion appropriate sanctions for violation of discovery orders". Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993).

Furthermore, pursuant to Fed. R. Civ. P. 37(d), "[t]he court where the action is pending may, on motion, order sanctions if: . . . (ii) a party, after being properly serviced with interrogatories . . . or a request for inspection . . . fails to serve its answers, objections, or written response." Sanctions for failing to answer, object or provide written responses to interrogatories may include striking a pleading and rendering a default judgment. See Fed. R. Civ. P. 37(d)(3).

Entering a default judgment is a proper Rule 37 sanction when a party willfully or in bad faith fails to obey a discovery order. See Malautea, 987 F.2d at 1542 (citing Societe Internationale pour Participations Industrielles et Commerciales v. Rogers, 357 U.S. 197, 212 (1958)). Although default judgement is a severe sanction, the Supreme Court has "expressed the need for a strict adherence to Rule 37 so as to prevent parties from flouting discovery orders." Buchanan v. Bowman 820 F.2d 359, 361 (11th Cir. 1987)(citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1975)). Accordingly, "it is appropriate to strike pleadings and enter default judgment against parties who violate discovery orders." U.S. v. One 1999 Forty Seven Foot Fountain Motor Vessel, 240 F.R.D. 695, 698 (S.D.Fla. 2007)(citing Adolph Coors Co. v. Movement Against Racism, 777 F.2d 1538 (11th Cir.1985)).

The Eleventh Circuit has recognized that sanctions serve the following purposes: "1) compensating the court and other parties for the added expense caused by the abusive conduct; 2) compelling discovery; 3) deterring others from engaging in similar conduct; and 4) penalizing the guilty party or attorney." Carlucci v. Piper Aircraft Corp., 775 F.2d 1440, 1453 (11th Cir. 1985); see also Securities and Exchange Com'n v. Lauer, 2006 WL 2457671

In order for a court to strike a pleading and issue a default judgment, it must find that the violation of the discover order was the result of willful or bad faith noncompliance, prejudice by the disobedient party, and that there is no adequate available lesser sanction. See Allstate Ins. Co. v. Palterovich, 2008 WL 2741119 at *1 (S.D. Fla. 2007).

**B.    The Accident Rehab Defendants' Answer Should Be Stricken and Default Judgement Should be Entered Against Them.**

By failing to provide any responses to GEICO's Discovery Requests, the Accident Rehab Defendants have intentionally frustrated GEICO's attempts to obtain discovery in this case over the course of over five months. Despite Plaintiffs' constant requests for compliance, good faith efforts to accommodate the Accident Rehab Defendants, and two different Orders issued by Magistrate Judge Otazo-Reyes, the Accident Rehab Defendants have failed to provide even the most preliminary discovery in this matter.

Presently, as it pertains to its case against the Accident Rehab Defendants, GEICO is in the same position as when it filed its original Complaint in May 2020 because the Accident Rehab Defendants have failed to provide any discovery or response to GEICO's Discovery Requests. Unlike circumstances where a party has responded to discovery and provided incomplete responses, here, the Accident Rehab Defendants have not provided a single document or even any reason why they have not been able to provide responses to GEICO's Discovery Requests over the last five months.

Although Magistrate Judge Otazo-Reyes issued two different Court Orders requiring the Accident Rehab Defendants to provide full and complete responses – with the most recent February 17th Order requiring the Accident Rehab to also produce responsive documents – to GEICO's Discovery Requests, the Accident Rehab Defendants have completely ignored Magistrate Judge Otazo-Reyes' directives. When Magistrate Judge Otazo-Reyes issued the two

9

Court Orders, they "should be followed – it should not be viewed as an advisory opinion that one chooses to follow or not at his or her whim or convenience." <u>One 1999 Forty Seven Foot Fountain Motor Vessel</u>, 240 F.R.D. at 699. However, the Accident Rehab Defendants did just that – ignored the two Court Orders at their own whim. The Accident Rehab Defendants have also taken advantage of GEICO's willingness to repeatedly consent to their requests for discovery extensions when it is now clear the Accident Rehab Defendants never intended to actually respond to GEICO's Discovery Requests.

The willful nature of the Accident Rehab Defendants' disregard of two of Judge Otazao Reyes's' Orders is underscored by the fact that the Accident Rehab Defendants did not even partially respond to GEICO's Discovery Requests. In fact, the Accident Rehab Defendants have failed even to provide their Rule 26(a) disclosures.

The Accident Rehab Defendants' purposeful failure to provide responses to GEICO's Discovery Requests clearly prejudices GEICO. GEICO is unable to proceed with discovery or to collect any to support its claims.

GEICO's request to strike the Accident Rehab Defendants' answer and enter default judgment against them is an appropriate sanction given the facts here. The Accident Rehab Defendants have totally flouted two of Magistrate Judge Otazo-Reyes' Orders. It seems clear that no lesser sanction is likely to secure the Accident Rehab Defendants' compliance with their discovery obligations in this case. In this context, courts within this district – <u>including this Court</u> in a highly analogous PIP and insurance fraud racketeering case – have stricken answers and entered default judgment for violating discovery orders. <u>See</u> <u>Government Employees Ins. Co., et al. v. A&C Medical Center Services, Corp, et al.</u>, S.D. Fla. Case No. 1:18-cv-24198-JEM, at Docket No. 161; <u>see also</u> <u>Buchanan</u>, 820 F.2d 359 (affirming the district court's decision to strike

a defendants answer and enter default judgment against the defendant for failing to abide by the court's oral order compelling discovery by failing to appear at a deposition, respond to interrogatories and requests for production of documents, and fail to make a reasonable offer to appear); One 1999 Forty Seven Foot Fountain Motor Vessel, 240 F.R.D. 695 (striking an answer against a defendant who failed to appear at a deposition after an order from the court compelling the defendant's appearance); Brauchle v. Southern Sports Grill, Inc., 2008 WL 4753707 (striking the defendants' answer and issuing a default judgment against defendants for failing violating numerous court orders, including order to attend depositions and pay monetary sanctions for failure to cooperate in discovery); Allstate Ins. Co., 2008 WL 2741119 (granting plaintiffs' motion to strike defendant's answer and enter default judgment); Tarino v. Los Delfines, Inc., 2015 WL 3761903 (recommending that the district court strike a defendants pleading and enter default judgment for failure to respond to the court's clear directive as the court has attempted to enforce discovery and is left with no alternative.)

## **CONCLUSION**

Based upon the foregoing, GEICO respectfully requests that the Court enter an order striking the Accident Rehab Defendants Answer and entering default judgment against the Accident Rehab Defendants, and such further relief as the Court may deem appropriate. A proposed order is attached hereto as Exhibit "1".

## **LOCAL RULE 7.1 CERTIFICATE OF CONFERRAL**

The undersigned counsel confirm that they have conferred in good faith with counsel for the Accident Rehab Defendants by both telephonic communication and electronic communication in a good-faith effort to resolve the issues raised in this motion, but were unable to do so.

Respectfully submitted,

*/s/ Kristen L. Wenger*
Lindsey R. Trowell (FBN 678783)
John P. Marino (FBN 814539)
Kristen Wenger (FBN 92136)
SMITH, GAMBRELL & RUSSELL, LLP
50 North Laura Street, Suite 2600
Jacksonville, Florida 32202
Phone: (904) 598-6100
Facsimile: (904) 598-6204
ltrowell@sgrlaw.com
jmarino@sgrlaw.com
kwenger@sgrlaw.com

Yonatan Bernstein (pro hac vice)
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11550
Phone (516) 357-3000
Facsimile (516) 357-3333
yonatan.bernstein@rivkin.com

*Attorneys for Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.*

**CERTIFICATE OF SERVICE**

I certify that on May 4, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will provide notice and a copy of this document to the counsel of record in this case.

*/s/ Kristen L. Wenger*
Attorney